Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JULIANO CANELHA, JOAO LELIO FERREIRA, HUGO
CANTE, LUIZ SILVANIO DOS REIS, SEBASTIAO
DEOLIVEIRA, and MAINE ROCHA SOUZA, individually and
on behalf of all others similarly situated,

**COLLECTIVE ACTION
COMPLAINT**

                                      Plaintiffs,

                      -against-

**JURY TRIAL
REQUESTED**

A ROYAL FLUSH OF NEW YORK II, INC., d/b/a A ROYAL
FLUSH, A ROYAL FLUSH, INC., and TIMOTHY BUTLER,
and DEBRA RUSSO, as individuals,

                                      Defendants.
-----------------------------------------------------------------------X

1.  Plaintiffs, **JULIANO CANELHA, JOAO LELIO FERREIRA, HUGO CANTE,
    LUIZ SILVANIO DOS REIS, SEBASTIAO DEOLIVEIRA, and MAINE ROCHA
    SOUZA**, individually and on behalf of all others similarly situated, (hereinafter referred
    to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege,
    upon personal knowledge as to themselves and upon information and belief as to
    other matters, as follows:

## PRELIMINARY STATEMENT

2.  Plaintiffs, **JULIANO CANELHA, JOAO LELIO FERREIRA, HUGO CANTE,
    LUIZ SILVANIO DOS REIS, SEBASTIAO DEOLIVEIRA, and MAINE ROCHA
    SOUZA**, individually and on behalf of all others similarly situated, through
    undersigned counsel, bring this action against **A ROYAL FLUSH OF NEW YORK
    II, INC., d/b/a A ROYAL FLUSH, A ROYAL FLUSH, INC., and WILLIAM**

1

MALONE, TIMOTHY BUTLER, and DEBRA RUSSO, as individuals, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at A ROYAL FLUSH OF NEW YORK II, INC., d/b/a A ROYAL FLUSH and A ROYAL FLUSH, INC., located at 1145 Randall Avenue, Bronx, New York 10474 and at 146 Andover Street, Bridgeport, CT, 06605.

3. Plaintiff **JULIANO CANELHA** was employed by Defendants from in or around January 2015 until in or around July 2015.

4. Plaintiff **JOAO LELIO FERREIRA** was employed by Defendants from in or around 2011 until in or around February 2017.

5. Plaintiff **HUGO CANTE** was employed by Defendants from in or around 2010 until in or around May 2017.

6. Plaintiff **LUIZ SILVANIO DOS REIS** was employed by Defendants from in or around 2009 until in or around December 2016.

7. Plaintiff **SEBASTIAO DEOLIVEIRA** was employed by Defendants from in or around 2005 until in or around December 2016.

8. Plaintiff **MAINE ROCHA SOUZA** was employed by Defendants from in or around March 2015 until in or around May 2016.

9. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00.  Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

11. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

12. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

13. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

14. Plaintiff JULIANO CANELHA resides at 70 Borcher Avenue, Yonkers, New York 10704, and was employed by Defendants from in or around January 2015 until in or around July 2015.

15. Plaintiff JOAO LELIO FERREIRA resides at 86 Gramatan Avenue, Mount Vernon, New York 10550, and has been employed by Defendants from in or around 2011 until in or around February 2017.

16. Plaintiff HUGO CANTE resides at 368 Lenox Avenue, Bridgeport, Connecticut 06605, and was employed by Defendants from in or around 2010 until in or around May 2017.

17. Plaintiff LUIZ SILVANIO DOS REIS resides at 65 Crotty Avenue, Yonkers, New York 10704, and was employed by Defendants from in or around 2009 until in or around December 2016.

18. Plaintiff SEBASTIAO DEOLIVEIRA resides at 252 Oliver Street, Bridgeport, Connecticut 06605, and was employed by Defendants from in or around 2005 until in or around December 2016.

19. Plaintiff MAINE ROCHA SOUZA resides at 318 North Terraces Avenue, Mount Vernon, New York 10550, and was employed by Defendants from in or around March 2015 until in or around May 2016.

20. Upon information and belief, Defendant, A ROYAL FLUSH OF NEW YORK II, INC., d/b/a A ROYAL FLUSH, is a corporation organized under the laws of New York with a principal executive office at 1145 Randall Avenue, Bronx, New York 10474 and at 146 Andover Street, Bridgeport, CT, 06605.

21. Upon information and belief, Defendant, A ROYAL FLUSH OF NEW YORK II, INC., d/b/a A ROYAL FLUSH, is a corporation authorized to do business under the laws of New York.

22. Upon information and belief, Defendant DEBRA RUSSO owns and/or operates A ROYAL FLUSH OF NEW YORK II, INC., d/b/a A ROYAL FLUSH.

23. Upon information and belief, Defendant DEBRA RUSSO is the Chief Executive Officer of A ROYAL FLUSH OF New York II, INC., d/b/a A ROYAL FLUSH.

24. Upon information and belief, Defendant DEBRA RUSSO is an agent of A ROYAL FLUSH OF NEW YORK II, INC., d/b/a A ROYAL FLUSH.

25. Upon information and belief, Defendant DEBRA RUSSO has power over personnel decisions at A ROYAL FLUSH OF NEW YORK II, INC., d/b/a A ROYAL FLUSH.

26. Upon information and belief, Defendant DEBRA RUSSO has power over payroll decisions at A ROYAL FLUSH OF NEW YORK II, INC., d/b/a A ROYAL FLUSH.

27. Defendant DEBRA RUSSO has the power to hire and fire employees, establish and pay their wages, set their work schedule, and maintains their employment records at A ROYAL FLUSH OF NEW YORK II, INC., d/b/a A ROYAL FLUSH.

28. During all relevant times herein, Defendant DEBRA RUSSO was Plaintiffs' employer within the meaning of the FLSA and NYLL.

29. Upon information and belief, Defendant, A ROYAL FLUSH, INC., is a corporation organized under the laws of New York with a principal executive office at 1145 Randall Avenue, Bronx, New York 10474 and at 146 Andover Street, Bridgeport, CT, 06605.

30. Upon information and belief, Defendant, A ROYAL FLUSH, INC., is a corporation authorized to do business under the laws of New York.

31. Upon information and belief, Defendant TIMOTHY BUTLER owns and/or operates A ROYAL FLUSH, INC.

32. Upon information and belief, Defendant TIMOTHY BUTLER is the Chief Executive Officer of A ROYAL FLUSH, INC.

33. Upon information and belief, Defendant TIMOTHY BUTLER is an agent of A ROYAL FLUSH, INC.

34. Upon information and belief, Defendant TIMOTHY BUTLER has power over personnel decisions at A ROYAL FLUSH, INC.

35. Upon information and belief, Defendant TIMOTHY BUTLER has power over payroll decisions at A ROYAL FLUSH, INC.

36. Defendant TIMOTHY BUTLER has the power to hire and fire employees, establish and pay their wages, set their work schedule, and maintains their employment records at A ROYAL FLUSH, INC.

37. During all relevant times herein, Defendant TIMOTHY BUTLER was Plaintiffs' employer within the meaning of the FLSA and NYLL.

38. On information and belief, A ROYAL FLUSH OF NEW YORK II, INC., d/b/a A ROYAL FLUSH is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

39. On information and belief, A ROYAL FLUSH, INC. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

40. Plaintiff JULIANO CANELHA was employed by Defendants from in or around January 2015 until in or around July 2015.

41. During Plaintiff JULIANO CANELHA'S employment by Defendants, Plaintiff was a driver and yard worker, and performing other miscellaneous duties from in or around January 2015 until in or around July 2015.

42. Plaintiff worked approximately ninety-six (96) hours or more per week during his employment by Defendants from in or around January 2015 until in or around July 2015.

43. Plaintiff JULIANO CANELHA was paid by Defendants approximately $16.00 per hour from in or around January 2015 until in or around July 2015.

44. Although Plaintiff JULIANO CANELHA worked approximately ninety-six (96) hours or more per week during the period of his employment by Defendants from in or around January 2015 until in or around July 2015, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

45. Furthermore, although Plaintiff JULIANO CANELHA worked approximately sixteen (16) or more hours per day, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

46. Plaintiff JOAO LELIO FERREIRA was employed by Defendants from in or around 2011 until in or around February 2017.

47. During Plaintiff JOAO LELIO FERREIRA'S employment by Defendants, Plaintiff was a driver and yard worker, and performing other miscellaneous duties from in or around February 2013 until in or around February 2017.

48. Plaintiff worked approximately ninety-six (96) hours or more per week during his employment by Defendants from in or around February 2013 until in or around February 2017.

49. Plaintiff JOAO LELIO FERREIRA was paid by Defendants approximately $17.00 per hour from in or around February 2013 until in or around February 2017.

50. Although Plaintiff JOAO LELIO FERREIRA worked approximately ninety-six (96) hours or more per week during his employment by Defendants from in or around February 2013 until in or around February 2017, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

51. Furthermore, although Plaintiff JOAO LELIO FERREIRA worked approximately sixteen (16) or more hours per day, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

52. Plaintiff HUGO CANTE was employed by Defendants from in or around 2010 until in or around May 2017.

53. During Plaintiff HUGO CANTE'S employment by Defendants, Plaintiff was a yard worker, and performing other miscellaneous duties from in or around February 2013 until in or around May 2017.

54. Plaintiff worked approximately seventy-seven (77) hours or more per week during his employment by Defendants from in or around February 2013 until in or around May 2017.

55. Plaintiff HUGO CANTE was paid by Defendants approximately $13.00 per hour in or around 2013, approximately $14.00 per hour from in or around 2014 through in or around 2016, and approximately $15.00 per hour from in or around January 2017 until in or around May 2017.

56. Although Plaintiff HUGO CANTE worked approximately seventy-seven (77) hours or more per week during his employment by Defendants from in or around February 2013 until in or around May 2017, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

57. Furthermore, although Plaintiff HUGO CANTE worked approximately eleven (11) or more hours per day, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

58. Plaintiff LUIZ SILVANIO DOS REIS was employed by Defendants from in or around 2009 until in or around December 2016.

59. During Plaintiff LUIZ SILVANIO DOS REIS' employment by Defendants, Plaintiff was a driver and yard worker, and performing other miscellaneous duties from in or around February 2013 until in or around December 2016.

60. Plaintiff worked approximately ninety-seven and one-half (97.5) hours or more per week during his employment by Defendants from in or around February 2013 until in or around December 2016.

61. Plaintiff LUIZ SILVANIO DOS REIS was paid by Defendants approximately $12.00 per hour in or around 2013, and approximately $17.00 per hour from in or around January 2014 until in or around December 2016.

7

62. Although Plaintiff LUIZ SILVANIO DOS REIS worked approximately ninety-seven and a half (97.5) hours or more per week during his employment by Defendants from in or around February 2013 until in or around December 2016, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

63. Furthermore, although Plaintiff LUIZ SILVANIO DOS REIS worked approximately sixteen (16) or more hours per day, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

64. Plaintiff SEBASTIAO DEOLIVEIRA was employed by Defendants from in or around 2005 until in or around December 2016.

65. During Plaintiff SEBASTIAO DEOLIVEIRA'S employment by Defendants, Plaintiff was a driver and yard worker, and performing other miscellaneous duties from in or around February 2013 until in or around December 2016.

66. Plaintiff worked approximately ninety-six (96) hours or more per week during his employment by Defendants from in or around February 2013 until in or around December 2016.

67. Plaintiff SEBASTIAO DEOLIVEIRA was paid by Defendants approximately $16.00 per hour from in or around February 2013 until in or around December 2016.

68. Although Plaintiff SEBASTIAO DEOLIVEIRA worked approximately ninety-six (96) hours or more per week during his employment by Defendants from in or around February 2013 until in or around December 2016, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

69. Furthermore, although Plaintiff SEBASTIAO DEOLIVEIRA worked approximately sixteen (16) or more hours per day, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

70. Plaintiff MAINE ROCHA SOUZA was employed by Defendants from in or around March 2015 until in or around May 2016.

71. During Plaintiff MAINE ROCHA SOUZA'S employment by Defendants, Plaintiff was a driver and yard worker, and performing other miscellaneous duties from in or around March 2015 until in or around May 2016.

72. Plaintiff worked approximately one hundred four (104) hours or more per week during his employment by Defendants from in or around March 2015 until in or around May 2016.

73. Plaintiff MAINE ROCHA SOUZA was paid by Defendants approximately $16.00 per hour from in or around March 2015 until in or around May 2016.

74. Although Plaintiff MAINE ROCHA SOUZA worked approximately one hundred four (104) hours or more per week during his employment by Defendants from in or around March 2015 until in or around May 2016, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

75. Furthermore, although Plaintiff MAINE ROCHA SOUZA worked approximately sixteen (16) or more hours per day, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

76. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

77. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

78. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

79. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

80. Collective Class: All persons who are or have been employed by the Defendants as drivers, yard workers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

81. Upon information and belief, Defendants employed greater than 100 employees within the past three years subjected to similar payment structures.

82. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

83. Defendants' unlawful conduct has been widespread, repeated, and consistent.

84. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

85. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

86. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

87. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

88. The claims of Plaintiffs are typical of the claims of the putative class.

89. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

90. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

91. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

92. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

93. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

94. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

95. Defendants willfully failed to pay Plaintiffs' overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

96. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

97. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

98. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

99. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

100. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

101. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

102. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

103. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs' an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y.C.R.R. § 142-2.4.

104. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 663 (1).

## FOURTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

105. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

106. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

107. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

108. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

109. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

110. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

    a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

    b. Awarding Plaintiffs unpaid overtime wages;

    c. Awarding Plaintiffs unpaid spread of hours compensation;

    d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

    e. Awarding Plaintiffs prejudgment and post-judgment interest;

    f. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

    g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 20 day of February 2019.

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIANO CANELHA, JOAO LELIO FERREIRA, HUGO CANTE, LUIZ SILVANIO DOS REIS, SEBASTIAO DEOLIVEIRA, and MAINE ROCHA SOUZA, individually and on behalf of all others similarly situated,

       Plaintiffs,

  -against-

A ROYAL FLUSH OF NEW YORK II, INC., d/b/a A ROYAL FLUSH, A ROYAL FLUSH, INC., and WILLIAM MALONE, TIMOTHY BUTLER, and DEBRA RUSSO, as individuals,

       Defendants.

COLLECTIVE ACTION COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**
**A ROYAL FLUSH OF NEW YORK II, INC.,**
**d/b/a A ROYAL FLUSH**
**1145 RANDALL AVENUE**
**BRONX, NY 10474**

**146 ANDOVER STREET**
**BRIDGEPORT, CT 06605**

**TIMOTHY BUTLER**
**1145 RANDALL AVENUE**
**BRONX, NY 10474**

**146 ANDOVER STREET**
**BRIDGEPORT, CT 06605**

**A ROYAL FLUSH, INC.**
**1145 RANDALL AVENUE**
**BRONX, NY 10474**

**146 ANDOVER STREET**
**BRIDGEPORT, CT 06605**

**DEBRA RUSSO**
**1145 RANDALL AVENUE**
**BRONX, NY 10474**

**146 ANDOVER STREET**
**BRIDGEPORT, CT 06605**