UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JULIANO CANELHA, JOAO LELIO FERREIRA,  :
HUGO CANTE, LUIZ SILVANIO DOS REIS
SEBASTIAO DEOLIVEIRA, and MAINE        :
ROCHA SOUZA, individually and on behalf
of all others similarly situated,       :            ORDER

                      Plaintiffs,       :            19-CV-1587 (KNF)

    - against -                          :

A ROYAL FLUSH OF NEW YORK II, INC.,    :
d/b/a A ROYAL FLUSH, A ROYAL FLUSH, INC.,
and TIMOTHY BUTLER, and DEBRA RUSSO,   :
as individuals,
                                    :
                    Defendants.
------------------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      The parties to this action, brought pursuant to the Fair Labor Standards Act, entered into a written settlement agreement to resolve their dispute. The parties submitted that document to the Court for its review and approval. The Court reviewed the parties' settlement agreement to determine whether it was fair and reasonable. Thereafter, on September 10, 2020, the Court held a telephonic conference with the parties. At that time, the Court directed the parties to modify their settlement agreement to address certain deficiencies and errors in the document that the Court identified to them.

      On September 24, 2020, the parties submitted to the Court, via the court's CM/ECF automated system, a revised version of their settlement agreement. The Court reviewed the revised settlement agreement and observed that the parties failed to correct errors that appear in the document, on pages seven and nine, in paragraphs vii and viii, although the errors were made known to them previously by the Court. The Court also observed that handwritten notations were made on the settlement agreement, where text has been modified, and also on the confession of judgment affidavit that accompanies the settlement agreement. These notations appear to be the initials of a person(s); however, the initials do not correspond

to the names of the signatories to the settlement agreement or to the name of the confession of judgment affiant. Absent evidence to the contrary, these are the only persons who could modify the respective documents. Until the errors addressed above are rectified, and any modifications to the documents at issue are appropriately approved by the signatories to the settlement agreement and the confession of judgment affiant, as the case may be, approving the parties' settlement agreement is not warranted. Therefore, the parties' request that the Court approve their settlement agreement is denied without prejudice.

Dated:   New York, New York
         September 30, 2020

SO ORDERED:

_/s/ Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE